**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIS L. BAILEY, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case number 4:06cv1532 CAS TCM |
| DON ROPER, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Willis L. Bailey, for the appointment of counsel on the grounds he is financially unable to retain counsel. [Doc. 9]

In his underlying petition, Petitioner seeks habeas relief from his conviction, on his guilty plea, for two counts of first degree murder and two counts of armed criminal action. trafficking in the second degree. Petitioner raises one ground for relief: there was no factual basis for one first degree murder charge and one armed criminal action charge because the victim was a fetus and a fetus is not a person. Respondent counters that this one ground is a state law claim that is not subject to review in a federal habeas court.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997) (alteration added). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59;

**Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Moreover, where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994).

At this stage of the proceedings, the issue raised in the petition appears to be neither factually nor legally complex, to be articulately and appropriately advocated by Petitioner, and to capable of being resolved without an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**. [Doc. 9]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2008.